# Exhibit 2

## 2017 CA 007071 B ARENIVAR, FLOR Vs. MANGANARO MIDATLANTIC, LLC et al BFH

| | | | |
|---|---|---|---|
| **Case Type** | Civil II | **Case Status:** | Open |
| **File Date:** | 10/18/2017 | | |
| **Action:** | Complaint for Employment Discrimination (Non-MPA) Filed | **Status Date:** | 10/18/2017 |
| **Next Event:** | 01/19/2018 | | |

[All Information]  [Party]  [Event]  [Docket]  [Receipt]  [Disposition]

### Party Information

**ARENIVAR, FLOR** - Plaintiff

| | | |
|---|---|---|
| Disposition | **Alias** | |
| Disp Date | | |
| | **Party Attorney** | |
| | **Attorney** | CORREIA, LINDA M |
| | **Attorney** | SHIKARI, ROSHNI |

**MANGANARO MIDATLANTIC, LLC** - Defendant

| | |
|---|---|
| Disposition | **Alias** |
| Disp Date | |
| | **Party Attorney** |

**CLARK CONSTRUCTION GROUP, LLC** - Defendant

| | |
|---|---|
| Disposition | **Alias** |
| Disp Date | |
| | **Party Attorney** |

### Events

| Date/Time | Location | Type | Result | Event Judge |
|---|---|---|---|---|
| 01/19/2018 09:30 AM | Courtroom 214 | Initial Scheduling Conference-60 | | HOLEMAN, BRIAN F |

### Docket Information

| Date | Docket Text | Image Avail. |
|---|---|---|
| 10/18/2017 | Complaint for Employment Discrimination (Non-MPA) Filed  Receipt: 381193  Date: 10/20/2017 | |
| 10/20/2017 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 01/19/2018    Time: 9:30 am<br>Judge: HOLEMAN, BRIAN F    Location: Courtroom 214 | |
| 10/20/2017 | Issue Date:  10/20/2017<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $<br><br>MANGANARO MIDATLANTIC, LLC<br>6405-D Ammendale Road<br>BELTSVILLE, MD  21202<br>Tracking No: 5000195434 | |

| Date | Docket Text | Image Avail. |
|------|-------------|--------------|
|  | CLARK CONSTRUCTION GROUP, LLC<br>7500 Old Georgetown Road<br>BETHESDA, MD   20814<br>Tracking No: 5000195435 |  |
| 12/05/2017 | Praecipe to Enter Appearance Filed. submitted 12/05/2017 12:27. tds<br>Attorney: CORREIA, Ms LINDA M (435027)<br>FLOR ARENIVAR (Plaintiff); | Image |
| 12/18/2017 | Certificate of Service Filed. Submitted 12/18/2017 14:27. kd<br>Attorney: SHIKARI, ROSHNI (1045298) | Image |

**Receipts**

| Receipt Number | Receipt Date | Received From | Payment Amount |
|----------------|--------------|--------------|----------------|
| 381193 | 10/20/2017 | SHIKARI, ROSHNI | $120.00 |
|  |  |  | **$120.00** |

**Case Disposition**

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Undisposed |  | HOLEMAN, BRIAN F |



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Flor Arenivar
_____
                                    Plaintiff

vs.                                         Case Number   2017 CA 007071 B

Manganaro Midatlantic, LLC
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Linda M. Correia
_____
Name of Plaintiff's Attorney

Correia & Puth, PLLC                              By _____
Address
1775 K Street NW, Suite 600, Washington, DC 20006                      Deputy Clerk

(202) 602-6500                                    Date   10/20/2017
Telephone

*Clerk of the Court*

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                          CASUM.doc

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**FLOR ARENIVAR,**
5040 12th St NE
Washington, DC 20017 )

Plaintiff, )

v. )

**MANGANARO MIDATLANTIC, LLC**
6405-D Ammendale Road
Beltsville, MD 21202 )

and )

**CLARK CONSTRUCTION GROUP, LLC**
7500 Old Georgetown Road
Bethesda, MD 20814 )

Defendants. )

Civil Action No. __2017 CA 007071 B__

**JURY TRIAL DEMANDED**

### COMPLAINT

**(Sex Discrimination and Retaliation in Violation of
The District of Columbia Human Rights Act)**

**COMES NOW** Plaintiff Flor Arenivar, through her attorneys, Correia & Puth, PLLC, and

for her complaint states to this Honorable Court as follows:

### INTRODUCTION

Ms. Arenivar, formerly a construction laborer with Manganaro Midatlantic, LLC

("Manganaro") and Clark Construction Group, LLC ("Clark"), brings this action against the

Defendants for (1) discriminating against her based on her sex through her supervisor's sexual

harassment of her and termination of her employment and (2) retaliating against her by

terminating her employment because she opposed the harassment and refused to have a sexual

1

relationship with her supervisor. While working at the construction site for the Museum of the

Bible ("Museum site"), Ms. Arenivar's supervisor, Odel Quintero, subjected Ms. Arenivar to

constant and persistent sexual advances, comments on her body and appearance, and remarks

about sexual acts that Mr. Quintero wanted to carry out against Ms. Arenivar. Twice Mr.

Quintero sexually assaulted Ms. Arenivar by grabbing her and kissing her without her consent.

Because Ms. Arenivar opposed Mr. Quintero's illegal conduct, he retaliated against her by

assigning her more work, cutting her hours, and granting preferential treatment to another

employee with whom he was sexually involved. After Ms. Arenivar confronted Mr. Quintero

about his retaliatory treatment of her, he yelled at her and told her if she did not like how he was

treating her she should quit.  The following week, Manganaro and Clark terminated Ms.

Arenivar's employment. Although Ms. Arenivar reported the harassment to both Manganaro and

Clark supervisors, neither took any steps to address the harassment or subsequent termination.

## PARTIES

1.      Plaintiff Flor Arenivar is an adult female resident of the District of Columbia and

at all times relevant hereto was an employee within the meaning of D.C. Code § 2-1401.02(9).

2.      Defendant Manganaro Midatlantic, LLC is a limited liability company authorized

to do business in the District of Columbia, and at all times relevant hereto was an employer

within the meaning of D.C. Code §2-1401.02(10). Its sole member is Manganaro North America,

LLC. The sole member of Manganaro North America, LLC is David Manganaro, a resident of

Massachusetts.

3.      Defendant Clark Construction Group, LLC is a limited liability company

authorized to do business in the District of Columbia, and at all times relevant hereto was an

employer within the meaning of D.C. Code § 2-1401.02(10). Its sole member is Clark

2

Construction, LLC. The members of Clark Construction, LLC are Robert D. Moser, Peter C. Forster, and Dan T. Montgomery. Robert D. Moser and Dan T. Montgomery are residents of Virginia. Peter C. Forster is and at all times relevant hereto has been a resident of the District of Columbia.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to D.C. Code §11-921 and D.C. Code § 2-1403.16.

5.     Venue lies with this Court because most or all of the acts complained of herein occurred in the District of Columbia.

## FACTS GIVING RISE TO RELIEF

6.     In May 2016, Ms. Arenivar began working for Defendants as a construction laborer at the construction site for the Museum of the Bible ("Museum site"), located at 409 3rd St SW, Washington, DC 20024.

7.     At all times relevant hereto, Ms. Arenivar's work performance met Defendants' legitimate job expectations.

8.     During the time Ms. Arenivar worked at the Museum site, her supervisor was Odel Quintero.

9.     Ms. Arenivar began working for Defendants on April 11, 2016 as a construction laborer, initially working at the construction site for a George Washington University residential building ("GW site"). After a few weeks, she was transferred to the Museum site. The foreman at the GW site told her she would be supervised at the Museum site by Odel Quintero, and told her to call him to confirm her start date, which she did.

3

10.     After Ms. Arenivar learned that her next assignment was the Museum site, she told one of her co-workers that her next project would be supervised by Mr. Quintero. Her co-worker replied, "Oh, the dog. Be careful; they say he bothers all the women he works with and likes to have relationships with all of them."

11.     Mr. Quintero told Ms. Arenivar to start on a Wednesday, and then told her to come in on a Saturday so she could make up some of the missed hours from Monday and Tuesday. On that first Saturday, he had her work alongside him, apart from the rest of the team. As they worked, Mr. Quintero told Ms. Arenivar that he knew from talking to her on the phone that she was beautiful. He also said to her, "I don't know if you've heard rumors that I am a womanizer, but I want you to know that I respect women. If I like a woman, then I talk to her. I have a wife, but if a woman wants to be with me, I will have an affair."

12.     Mr. Quintero then told her that he had been in relationships with women who had worked with him before. He also told Ms. Arenivar he liked her and wanted to be with her.

13.     In response, Ms. Arenivar told Mr. Quintero that she did not want to have a relationship with him; she was there to work. Mr. Quintero replied that she was so pretty he did not know how we was going to accept that.

14.     Throughout her employment Mr. Quintero would regularly make sexual comments toward Ms. Arenivar. He would tell her several times a week that he wanted to be with her, and would suggest that they go to his house or to a hotel together after work. He would repeatedly ask her why she would not give him a chance and tell her "you're the one that I want."

15.     Mr. Quintero would also comment to other workers at the Museum site, "Flor doesn't like me, even though I like her."

4

16.     Mr. Quintero also frequently leered at Ms. Arenivar in a sexually suggestive manner and commented on her body and appearance. For example, he would tell her the construction vest she was wearing was too loose on her and that she was too covered up. When she had dirt or dust on the back of her pants, he would reach toward her buttocks and ask, "do you want me to clean that for you?"

17.     Mr. Quintero commented that Ms. Arenivar's lips "looked delicious and meaty" and that he wanted to kiss and bite them.

18.     Mr. Quintero said he wanted to "eat" Ms. Arenivar's "thick, meaty legs" and commented that he wanted to "eat" her "*cosota*" (big thing).

19.     Based on his gestures and body language, Ms. Arenivar understood Mr. Quintero to be saying he wanted to perform oral sex on her, which she found offensive.

20.     On another occasion, Mr. Quintero commented that Ms. Arenivar had such a "big thing" but that it "was not strong." Ms. Arenivar again understood Mr. Quintero to be talking about her vagina, based on his gestures, tone, and the way he looked at her.

21.     When Mr. Quintero made sexual comments toward or about Ms. Arenivar, she would try to ignore him, or would tell him he was being inappropriate or disrespectful. Mr. Quintero would laugh at her in response.

22.     Mr. Quintero was possessive of the women he supervised and referred to them as "my girls." For example, a laborer from another subcontractor once asked what happened to a woman who had been working under Mr. Quintero but was no longer coming to the Museum site. Mr. Quintero told him to not get involved with "my girls" because "they are mine."

23.     On another occasion, a finisher (laborer responsible for interior wall finishing) offered to show Ms. Arenivar how to do finishing work. Ms. Arenivar, who was interested in

5

pursuing a career in construction, was eager to learn this new skill. However, later the finisher told Ms. Arenivar he had to retract his offer, because Mr. Quintero would not allow it and "said that you are his; that you are his property."

24. Mr. Quintero frequently drank alcohol while he was working or during his lunch break and pressured Ms. Arenivar to also drink alcohol during the workday.

25. On two occasions, Mr. Quintero grabbed and kissed Ms. Arenivar without her consent.

26. In July 2016, Mr. Quintero asked Ms. Arenivar to come to the parking lot at the Museum site and help him unload boxes out of his car. When they arrived at Mr. Quintero's car in the parking lot, he told her he was going to have a beer and ordered her to sit in his car with him while he drank it.

27. While Ms. Arenivar and Mr. Quintero were sitting in his car, Mr. Quintero suddenly grabbed and kissed Ms. Arenivar. She pulled away and told him if he did not stop his sexual advances toward her she would file a complaint.

28. In August 2016, Mr. Quintero told Ms. Arenivar to come to his office because he needed to give her a check for her to bring to someone else. When Ms. Arenivar entered the office, he closed the door behind her and locked it. He then grabbed her forcefully by the hand and kissed her.

29. Later that month, Ms. Arenivar and some of her coworkers were planning on going to dinner together after work on a Friday. Mr. Quintero offered to give Ms. Arenivar a ride to dinner and said, "but if I give you a ride it means we are going to a hotel together."

30.     Ms. Arenivar became upset and told Mr. Quintero, in front of their colleagues, that he was offending her and that she had already told him several times she was not interested, so he needed to stop. Mr. Quintero told her to "calm down."

31.     Too upset and embarrassed to go to the group dinner, Ms. Arenivar went home instead.

32.     The following week Mr. Quintero began retaliating against Ms. Arenivar for refusing to have a sexual relationship with him and for having forcefully opposed his advances in front of their coworkers. He began to assign Ms. Arenivar more difficult tasks, for example sending her to clean a floor by herself when ordinarily multiple laborers would be assigned for a task of that magnitude. He would also yell at Ms. Arenivar. Additionally, if Ms. Arenivar was on a different floor than Mr. Quintero and called him on his phone to ask a work-related question, he would ignore her calls.

33.     Mr. Quintero also granted preferential treatment to another employee with whom he was sexually involved. He would assign her to clean a floor that Ms. Arenivar had recently cleaned, so that there was very little work for his paramour to do. He would also assign hours such that Ms. Arenivar had less than forty hours per week but the woman with whom he was sexually involved had overtime hours, and therefore an opportunity to earn more income that was not provided to Ms. Arenivar.

34.     Even after Ms. Arenivar confronted Mr. Quintero about his offensive conduct in front of their colleagues, he continued to sexually harass her, fluctuating between pursuing her sexually and punishing her for refusing his advances.

35.     In August, Ms. Arenivar complained to Mark Shelton, the foreman at the Museum site, about Mr. Quintero's discrimination against her. She told Mr. Shelton that Mr. Quintero was

7

not assigning her hours on Saturdays that she needed in order to work forty hours per week because he was instead assigning them as overtime hours to a woman with whom he had a relationship.

36.     Mr. Shelton, without even looking up from his desk, told Ms. Arenivar that hours were assigned based on need and she should not take it personally. He then told her to get out of his office.

37.     Ms. Arenivar also complained about Mr. Quintero to another labor supervisor, Ramon Padron. She told Mr. Padron that Mr. Quintero was not treating her right because she did not want to have a relationship with him.

38.     Mr. Padron told Ms. Arenivar that he did not want to get involved because "no one ever did anything" about Mr. Quintero's behavior.

39.     In October 2016, Ms. Arenivar called the corporate headquarters for Manganaro. She told the receptionist with whom she spoke about Mr. Quintero's sexual harassment of her. Ms. Arenivar, who primarily speaks Spanish, was told by the receptionist that "the boss" did not speak Spanish, so she would need to call back when she had someone who could translate for her.

40.     On November 3, 2016, when Mr. Quintero again gave Ms. Arenivar a difficult assignment without adequate support, Ms. Arenivar confronted Mr. Quintero about treating her unfavorably because she refused to have a sexual relationship with him. He yelled at her and told her that if she did not like how he was treating her she should quit. She told him to stop yelling, and said "I will do the work, but I am going to file a complaint against you." She then left to perform the assignment Mr. Quintero had given her.

41.     On Friday November 11, 2016, Defendants terminated Ms. Arenivar's employment.

42.     At the end of the workday, a supervisor named Steve handed Ms. Arenivar her last paycheck and told her, "after today you don't work here anymore."

43.     When Ms. Arenivar asked why her employment was being terminated, Steve told her that Mr. Shelton had told him to give her the paycheck and that Mr. Quintero had said she was not doing her job.

44.     Shortly after her conversation with Steve, a field superintendent for Clark, John Reedy, saw Ms. Arenivar crying and asked her what had happened. She told him she had been sexually assaulted twice by her supervisor and had just been fired. Mr. Reedy told Ms. Arenivar that she should come back to speak with Mr. Shelton on Monday.

45.     Upon information and belief, Mr. Reedy called Mr. Shelton and told him the allegations Ms. Arenivar had conveyed to him. Mr. Shelton replied that he believed Ms. Arenivar was just upset because of the termination and that her allegations were unfounded.

46.     When Ms. Arenivar returned to the Museum site on Monday, November 14 to speak with Mr. Shelton, he refused to meet with her. Through an intermediary, Mr. Shelton told Ms. Arenivar he had nothing to say to her.

47.     Upon information and belief, Mr. Reedy also relayed Ms. Arenivar's complaint of sexual harassment to Scott Clay, Clark's Vice President of Human Resources.

48.     Upon information and belief, Clark asked Manganaro to investigate Ms. Arenivar's complaint, and Manganaro later reported to Clark it had investigated her complaint and found it to be "without merit."

49.    Clark took no other action to respond to Ms. Arenivar's complaint or confirm that Manganaro had in fact investigated it.

50.    No agent of Manganaro or Clark ever contacted Ms. Arenivar to obtain her statement regarding her complaint of sexual harassment, discrimination, and retaliation.

## COUNT I
## Discrimination in Violation of the District of Columbia Human Rights Act, D.C. Code § 2-1402.11

51.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-50 of this Complaint as if set out here in full.

52.    The sexually crude, suggestive, unwelcome, and hostile behavior to which Ms. Arenivar was subjected was severe or pervasive, affected the terms, conditions, or privileges of her employment, and created a hostile work environment.

53.    The acts committed by Defendants were committed wholly or partially because of Plaintiff's sex, female.

54.    Ms. Arenivar subjectively perceived Mr. Quintero's treatment to be inappropriate, hostile, and offensive; and the treatment to which she was subjected was inappropriate, hostile, and offensive.

55.    Defendants knew or should have known about Mr. Quintero's sexually harassing behavior and failed to respond reasonably to prevent or correct it.

56.    Defendants' conduct was malicious, wanton, reckless, and done with willful disregard for Ms. Arenivar's rights.

57.    Defendants are liable for the creation and maintenance of the sexually hostile work environment.

58.    Defendants failed to maintain anti-discrimination or retaliation policies and failed to distribute any policy for reporting of sexual harassment to Ms. Arenivar.

59.     As a direct and proximate result of Defendant's unlawful acts, Ms. Arenivar suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

## COUNT II
**Retaliation in Violation of the D.C. Human Rights Act, D.C. Code § 2-1402.61**

60.     Plaintiff incorporates by reference and re-alleges paragraphs 1-50 above.

61.     Plaintiff opposed Defendants' discriminatory conduct by refusing Mr. Quintero's sexual advances and reporting Mr. Quintero's behavior to his supervisor, Mr. Shelton.

62.     Defendants terminated Plaintiff's employment because of her legally protected opposition to discrimination.

63.     As a direct and proximate cause of Defendants' intentional retaliation against Plaintiff, she suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

64.     Defendants' conduct was malicious, wanton, reckless, and done with willful disregard for Plaintiff's rights.

## PRAYER FOR RELIEF

**WHEREFORE**, the premises considered, Plaintiff respectfully prays that this Honorable Court:

1.     Enter judgment in favor of Plaintiff Flor Arenivar;

2.     Enter judgment against Defendants Clark and Manganaro, jointly and severally;

3.     Award Plaintiff compensatory damages and all other damages available to her under the law;

4.     Award Plaintiff her court costs and expenses, including reasonable attorneys' fees;

5.     Award Plaintiff pre-judgment interest and post-judgment interest;

11

6.      Award Plaintiff punitive damages;

7.      Declare Defendants' conduct in violation of the District of Columbia Human Rights

Act, D.C. Code §§ 2-1402.11, 2-1402.61;

8.      Order injunctive relief, including but not limited to proper training for Defendants'

agents and supervisors, and the creation of proper anti-discrimination and harassment policies.

9.      Grant such other relief as this Court deems just and proper.

October 18, 2017                                Respectfully submitted,


                                                /s/ Roshni C. Shikari
                                                Linda M. Correia (D.C. Bar No. 435027)
                                                Roshni C. Shikari (D.C. Bar No. 1045298)
                                                Correia & Puth, PLLC
                                                1775 K Street NW, Suite 600
                                                Washington, DC 20006
                                                Tel: (202) 602-6500
                                                lcorreia@correiaputh.com
                                                rshikari@correiaputh.com

## JURY DEMAND

Plaintiff demands a trial by jury on all issues contained herein.


/s/ Roshni C. Shikari
Linda M. Correia (D.C. Bar No. 435027)
Roshni C. Shikari (D.C. Bar No. 1045298)
Correia & Puth, PLLC
1775 K Street NW, Suite 600
Washington, DC 20006
Tel: (202) 602-6500
lcorreia@correiaputh.com
rshikari@correiaputh.com

## VERIFICATION

I, Flor Arenivar, declare under penalty of perjury that I have read the foregoing Complaint and that it is true to the best of my personal knowledge.

_____9/5/17_____
Date

_____
Plaintiff Flor Arenivar

14

Filed
D.C. Superior Court
10/18/2017 18:23PM
Clerk of the Court

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Flor Arenivar

vs

Manganaro Midatlantic, LLC and Clark Construction Group, LLC ☐

Case Number: **2017 CA 007071 B**

Date: October 18, 2017

One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* Roshni Shikari | Relationship to Lawsuit |
| Firm Name: Correia & Puth, PLLC | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.: Six digit Unified Bar No.: 202-602-6500    1045298 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☐ 6 Person Jury     ☒ 12 Person Jury

Demand: $_____     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____  Judge: _____  Calendar #:_____

Case No.:_____  Judge: _____  Calendar#:_____

---

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**

|  | COLLECTION CASES | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property | Over $25,000 Pltf. Grants Consent | Over $25,000 Consent Denied |
| ☒ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees | Under $25,000 Pltf. Grants Consent | Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| | Award (Collection Cases Only) | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander | Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 19 Wrongful Eviction |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud | Not Malpractice) | ☐ 23 Tobacco |
| | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

| /s/ Roshni Shikari | October 18, 2017 |
|---|---|
| Attorney's Signature | Date |



Form CA 1-A: Notice and Acknowledgment for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

__Flor Arenivar_____
      *Plaintiff(s)*

v.                                    Case No: 2017 CA 007071 B

              –
           *Defendant(s)*
__Manganaro Midatlantic, LLC and__

__Clark Construction Group, LLC__         **NOTICE**

To (insert name and address of the party to be served):
Manganaro Midatlantic, LLC
c/o Joseph Schuler
10701 Parkridge Blvd, Suite 300
Reston, VA 20191

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): December 5, 2017.

_____        _____
*Signature*                                 *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
                                                _____
                                              _____

_____   _____  _____
*Signature*                        *Relationship to Defendant/Authority*  *Date of Signature*
                                  *to Receive Service*

Form CA 1-A: Notice and Acknowledgment for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Flor Arenivar
*Plaintiff(s)*

v.

Case No: 2017 CA 007071 B

*Defendant(s)*

Manganaro Midatlantic, LLC and

**NOTICE**

Clark Construction Group, LLC

To (insert name and address of the party to be served):
Manganaro Midatlantic, LLC
c/o Joseph Schuler
10701 Parkridge Blvd, Suite 300
Reston, VA 20191

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): December 5, 2017.

_____          _____
*Signature*                                               *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____    _____    _____
*Signature*                         *Relationship to Defendant/Authority*    *Date of Signature*
                                    *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bản dịch, hãy gọi (202) 879-4828           የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ          번역을 원하시면, (202) 879-4828 로 전화주십시요



Form CA 1-A: Notice and Acknowledgment for Service by Mail

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Flor Arenivar
_____
*Plaintiff(s)*

v.                                    Case No: 2017 CA 007071 B

‾
_____
*Defendant(s)*
**Manganaro Midatlantic, LLC and**                    **NOTICE**

**Clark Construction Group, LLC**

To (insert name and address of the party to be served):
Clark Construction Group, LLC
c/o Christopher Weals
1111 Pennsylvania Avenue, NW
Washington, DC 20004

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): December 5, 2017.

_____                    _____
*Signature*                                   *Date of Signature*

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER**

I (print name) *Christopher Weals*    received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): *Morgan Lewis*
*1111 Pennsylvania Ave N.W.*
*Washington, DC 20004*

_____    *Attorney*    *12/15/17*
*Signature*                   *Relationship to Defendant/Authority*    *Date of Signature*
                              *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828          如需翻译请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828           የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ          번역을 원하시면, (202) 879-4828 로 전화주십시오

Form CA 1-A: Notice and Acknowledgment for Service by Mail



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

__Flor Arenivar_____
*Plaintiff(s)*

v.

Case No: 2017 CA 007071 B

–

*Defendant(s)*
__Manganaro Midatlantic, LLC and__                          **NOTICE**

__Clark Construction Group, LLC__

To (insert name and address of the party to be served):

Manganaro Midatlantic, LLC
c/o Joseph Schuler
10701 Parkridge Blvd, Suite 300
Reston, VA 20191

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): December 5, 2017.

_____          _____
*Signature*                                                    *Date of Signature*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) *Joseph Schuler* received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): *10701 Parkridge Boulevard S. 300 Reston, VA 20191*

*[signature]*                *Counsel for*                    *12-15-17*
*Signature*          *Relationship to Defendant/Authority*      *Date of Signature*
                           *to Receive Service*
                    *Defendant Manganaro MidAtlantic, LLC*

Para pedir una traducción, llame al (202) 879-4828                如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828          የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ          번역을 원하시면, (202) 879-4828 로 전화주십시오



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

FLOR ARENIVAR
   Vs.                          C.A. No.     2017 CA 007071 B
MANGANARO MIDATLANTIC, LLC et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                    Chief Judge Robert E. Morin

Case Assigned to: Judge BRIAN F HOLEMAN
Date:   October 20, 2017
Initial Conference: 9:30 am, Friday, January 19, 2018
Location:   Courtroom 214
             500 Indiana Avenue N.W.
             WASHINGTON, DC 20001

                                                                          CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

_____

| | | |
|---|---|---|
| FLOR ARENIVAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2017 CA 007071 B |
| | ) | Judge Brian F. Holeman |
| MANGANARO MIDATLANTIC, LLC, | ) | Next Event: |
| | ) | Initial Scheduling Conference, |
| and | ) | January 19, 2018, 9:30 a.m. |
| | ) | |
| CLARK CONSTRUCTION GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____)

### DEFENDANTS' CONSENT MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND POINTS AND AUTHORITIES IN SUPPORT

Pursuant to Rule 6 of the Superior Court Rules of Civil Procedure, Defendants Manganaro Midatlantic, LLC and Clark Construction Group, LLC ("Defendants"), by and through their undersigned counsel, hereby move for an enlargement of time to respond to Plaintiff's Complaint.  Plaintiff Flor Arevinar, through her counsel, consents to this request. In further support of their motion, Defendants state as follows:

1.      Defendants agreed to allow Plaintiff to effect service in this case by Notice and Acknowledgment pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure. Plaintiff's counsel delivered the forms to counsel for Defendants on or about December 5, 2018.

2.      In the ordinary course, Defendants could have returned the Acknowledgment forms as late as 20 days later, on or about December 26, thereby affording themselves until January 15, 2018 to respond to the Complaint.  Plaintiff requested that they instead return the Acknowledgments sooner, to ensure her ability to comply with Rule 4(m)(1)(A).

3.      Defendants agreed to do so, but because of the end-of-year holidays asked Plaintiff to consent to enlarge their time to respond until the date the responses otherwise would have been due—January 15, 2018—so as not to prejudice their ability to manage their respective defenses and respond appropriately.  As noted, Plaintiff consented to this request.

4.      No prior enlargements of time have been sought or granted in this matter.  No scheduling order has been issued in this matter.

**Superior Court Civil Rule 12-I Certification**

As required by Rule 12-I(a) of the Superior Court Rules of Civil Procedure, before Defendants filed this motion, undersigned counsel obtained Plaintiffs' consent to the requested enlargement of time.

Dated:  January 2, 2018                     Respectfully Submitted,

>    /s/ Joseph E. Schuler
> _____
> Joseph E. Schuler (D.C. Bar No. 296269)
> Jackson Lewis P.C.
> 10701 Parkridge Blvd.
> Suite 300
> Reston, VA  20191
> Tel:    (703) 483-8300
> Fax:    (703) 483-8301
> E-mail: SchulerJ@jacksonlewis.com
>
> *Counsel for Defendant*
> *Manganaro Midatlantic, LLC*
>
>    /s/
> _____
> Christopher A. Weals (D.C. Bar No. 414754)
> Morgan, Lewis & Bockius, LLP
> 1111 Pennsylvania Ave., N.W.
> Washington, D.C. 20004
> Tel:    (202) 739-5350
> Fax:    (202) 739-3001
> E-mail: christopher.weals@morganlewis.com
>
> *Counsel for Defendant*
> *Clark Construction Group, LLC*
>
> *(signed by Joseph E. Schuler w/consent)*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on January 2, 2018 a true and accurate copy of the following

*Defendants Consent Motion to Enlarge Time and Points and Authorities in Support* was served

by CaseFileXpress and, per agreement of the parties, by email upon the following:

> Linda M. Correia
> Roshni C. Shikari
> Correia & Puth, PLLC
> 1775 K Street, NW
> Suite 600
> Washington, DC 20006
> lcorreia@correiaputh.com
> rshikari@correiaputh.com
> *Counsel for Plaintiff*

 

 

 

     /s/ Joseph E. Schuler
Joseph E. Schuler

 

4820-0757-9225, v. 1

3